Filed 8/25/25  P. v. Richmond CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ELDRICK RICHMOND,<br><br>    Defendant and Appellant. | F088572<br><br>(Super. Ct. No. BF170010A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney, Christina Simpson, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Eldrick Richmond was convicted of murder after he killed a woman in a hotel room.  In a prior opinion, we affirmed the conviction but found error relative to the

degree.  (*People v. Richmond* (Feb. 19, 2021, F078340 [nonpub. opn.])  The People, consistent with our disposition, accepted a reduction to second degree.

A little more than two years later, Richmond petitioned for resentencing pursuant to Penal Code section 1172.6.[1]  The trial court denied the petition, finding Richmond failed to "ma[k]e a prima facie showing [he was] entitled to relief[.]"  We affirm.

## BACKGROUND

The Kern County District Attorney charged Richmond with committing murder. A jury found him guilty.  After an appeal, the degree was set at second.   (See § 1181; *People v. Richmond* (Feb. 19, 2021, F078340 [nonpub. opn.].)

When Richmond later petitioned for resentencing pursuant to section 1172.6, the People opposed, claiming "Richmond was the actual killer."  The People added "no jury instructions were given for felony murder, natural and probable consequences, aiding and abetting, or any other form of imputed liability."  Richmond contended he "met his prima facie burden" to demonstrate eligibility for relief.  He offered, however, no explanation for his conclusion.

Once in court and ready for a hearing on the petition, the People moved for a continuance.  The judge interjected, "I'm going to deny the petition.  I was the trial judge."  Nonetheless, the matter was continued several weeks.  At the continued hearing, the judge lamented, "[W]e're going to pick a new date … for me to deny [the petition] at the prima facie stages."  The judge then stated, "[T]his was a murder trial in front of me where [Richmond] strangled the woman in his hotel room[.]"  Again, the matter was continued.

At the next hearing, the trial court finally ruled on the petition.  It reiterated it had "previously made comments on this case," then ruled as follows:

---

[1] All statutory references are to the Penal Code.

> "I was the trial judge. Mr. Richmond was the murderer of the victim in the case. There [were] no other parties involved other than himself and the victim, and with that, the petition is denied."

Neither Richmond nor his counsel disputed anything regarding the ruling.

## **DISCUSSION**

Richmond's sole argument on appeal is that the trial "court improperly relied on its memory of the case, not the record of conviction, to deny the petition." The People assert "[t]he record of conviction definitively shows [Richmond] was the actual killer." The People note Richmond "does not dispute that he killed the victim. He simply faults the [trial] court for relying on its memory of the case." We agree with the People insofar as they imply Richmond alleges no prejudice.

Section 1172.6 was enacted to " 'modify accomplice liability for murder and the felony-murder rule.' " (*People v. Mares* (2024) 99 Cal.App.5th 1158, 1164.) It does not apply to a "conviction on an actual killer theory[.]" (*Id.* at p. 1172.)

Notably, the People suggest the trial "court's seeming reliance on its memory of the case was harmless … because the record of conviction unequivocally shows [Richmond] was the actual killer." Richmond responds by stating the People "ask[] this court to determine Richmond's 'eligibility for relief in the first instance,' but that is the trial court's role." Here, we agree with Richmond. (See *People v. Gallardo* (2024) 105 Cal.App.5th 296, 302 ["the Attorney General's argument is, in effect, a request that we review the record to determine … eligibility for relief in the first instance" and "[t]his court will not perform the trial court's statutorily mandated task for the first time on appeal."].)

Richmond, however, "has the burden of showing prejudice. [Citations.] Instead, he has staked all of his chips on the proposition that reversal is automatic. He does not argue that *even if* reversal is not automatic, the error was prejudicial. He has not so much as supplied us with a statement of facts, which we would need if we were going to

3.

consider prejudice. Even after the People argued that the error was harmless, [Richmond] stuck to his strategy; he made no effort in his reply brief to show that the error was prejudicial.[2] (*People v. Vance* (2023) 94 Cal.App.5th 706, 717; cf. *People v. Patton* (2025) 17 Cal.5th 549, 557 ["a petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing."; *People v. Lewis* (2021) 11 Cal.5th 952, 971 [" 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' "].) Accordingly, we affirm.

## **DISPOSITION**

The August 29, 2024, order denying the section 1172.6 petition is affirmed. Respondent's request for judicial notice is denied.


SNAUFFER, J.

WE CONCUR:


FRANSON, Acting P. J.


FAIN, J.*

---

**2** Admittedly, Richmond has not explicitly argued reversal is automatic, but the point is implicit in the fact he never addresses prejudice.

* Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4.